**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SPENCER and DONNA GARTIN,<br>Individually and as Personal<br>Representatives of the Estate of<br>SABRINA GARTIN, Deceased,<br><br>     Plaintiffs,<br><br>v.<br><br>PAR PHARMACEUTICAL<br>COMPANIES, INC., a Delaware<br>Corporation, a/k/a and / or d/b/a PAR<br>PHARMACEUTICAL, INC., and / or as<br>PHARMACEUTICAL RESOURCES,<br>INC., Foreign Corporations, BLACK<br>AND WHITE CORPORATIONS IV,<br>and BLACK AND WHITE<br>CORPORATIONS I-V,<br><br>     Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:06-CV-128 |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT PAR PHARMACEUTICAL COMPANIES, INC.'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**PAR PHARMACEUTICAL, INC.'S MOTION TO QUASH SUMMONS**
**AND RETURN OF SERVICE AND TO DISMISS**

The following motions and responses are pending before the court:

1.    Defendant Par Pharmaceutical Companies, Inc.'s motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficiency of service of process (docket entry #5);

2.    Plaintiffs' response to Par Pharmaceutical Companies, Inc.'s motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and 12(b)(5) for insufficiency of service of process (docket entry #12);

3.    Defendant Par Pharmaceutical Companies, Inc.'s reply memorandum in support of motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and

12(b)(5) for insufficiency of service of process (docket entry #16);

4.   Par Pharmaceutical, Inc.'s motion to quash summons and return of service and to dismiss (docket entry #25);

5.   Plaintiffs' response to Par Pharmaceutical, Inc.'s motion to quash summons and return of service and to dismiss and motion to extend time for service (docket entry #29); and

6.   Par Pharmaceutical, Inc.'s reply memorandum in support of motion to quash summons and return of service and to dismiss (docket entry #30).

Having considered the above-referenced motions and the subsequent briefing, the court is of the opinion that the motions should be granted.

## PROCEDURAL HISTORY

On March 27, 2006, the Plaintiffs filed their original complaint. The caption of the complaint lists the Defendants as follows: "Par Pharmaceutical Companies, Inc., a Delaware corporation, a/k/a and / or d/b/a Par Pharmaceutical, Inc., and / or as Pharmaceutical Resources, Inc., foreign corporations, Black and White Corporations IV, and Black and White Corporations I-V." Seeing that no action had been taken in this case, the court issued a "Notice of Impending Dismissal" on June 28, 2006. In the Notice of Impending Dismissal, the court advised the Plaintiffs that although more than ninety (90) days had passed since the filing of the complaint, the Defendants (Par Pharmaceutical Companies, Inc., Black and White Corporation IV and Black and White Corporations I-V) had not yet been served. The Plaintiffs were warned that the failure to complete service of process on said Defendants within 120 days after the filing of the complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure would result in the dismissal of this action as to the previously referenced Defendants without prejudice. If the Plaintiffs were of the opinion that more than 120 days were necessary to effect service of process, then counsel for the Plaintiffs

-2-

were ordered to so advise the court via a verified petition.  In order to avoid dismissal pursuant to
FED. R. CIV. P. 4(m), counsel for Plaintiffs were required to execute the verified petition on or before
July 25, 2006.  If dismissal of the case as to any unserved Defendant was satisfactory, then the
Plaintiffs were not required to take any action.

Thereafter, pursuant to the Plaintiffs' request, the clerk of the court issued a summons on
June 30, 2006 to:

> Par Pharmaceutical Companies, Inc., a Delaware corporation, aka and / or dba Par
> Pharmaceutical, Inc. and / or as Pharmaceutical Resources, Inc., c/o its Registered
> Agent, Corporation Service Company, 2711 Centerville Road, Suite 400,
> Wilmington, New Castle County, Delaware, 19808.

The Plaintiffs sent the summons and complaint via certified mail to Par Pharmaceutical Companies,
Inc. in care of its registered agent.  The Plaintiffs subsequently filed with the court the return of
service, thereby notifying the court that Par Pharmaceutical Companies, Inc. had been served on July
10, 2006.  However, having received no response to its notice of impending dismissal as to
Defendants Black and White Corporation IV and Black and White Corporations I-V, the court
dismissed the same without prejudice pursuant to FED. R. CIV. P. 4(m) on August 3, 2006.

On July 31, 2006, Par Pharmaceutical Companies, Inc. filed its motion to dismiss for lack
of personal jurisdiction and insufficiency of service of process.  On September 26, 2006, the
Plaintiffs and Par Pharmaceutical Companies, Inc. filed their joint conference report as ordered.  On
October 20, 2006, the parties appeared before the court for a scheduling conference.  Thereafter, on
October 23, 2006, at the Plaintiffs' request, the clerk of the court issued a summons to Par
Pharmaceutical, Inc. in care of its registered agent, Corporation Service Company.   Par
Pharmaceutical, Inc. subsequently filed its motion to quash summons and return of service and to

dismiss.  The court will address each motion in turn.

### PAR PHARMACEUTICAL COMPANIES, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION AND 12(b)(5) FOR INSUFFICIENCY OF SERVICE OF PROCESS

#### BACKGROUND

In their complaint, the Plaintiffs allege that Sabrina Gartin, at 15 years of age, was prescribed and subsequently ingested fluoxetine (generic Prozac), a prescription drug manufactured by Par Pharmaceutical Companies, Inc.  Pl. Compl., pp. 15-16, ¶¶ 35-36; Jt. Conf. Rpt., p. 1.  The Plaintiffs further allege that after taking fluoxetine for four months, Sabrina Gartin committed suicide on March 28, 2004.  Pl. Comp., pp., 15-16, ¶¶ 35-36.  The Plaintiffs contend that Sabrina Gartin committed suicide because she ingested fluoxetine.  Jt. Conf. Rpt., p. 1.

The Plaintiffs assert that Par Pharmaceutical Companies, Inc. is liable for Sabrina Gartin's death under the following theories: strict liability under the Restatement (Second) of Torts, §§ 402A and 402B, and the new Restatement (Third) of Torts, for both marketing defects and misrepresentations; negligence (failure to warn, failure to test, negligent misrepresentations, and over-promotion of fluoxetine); and breach of express and implied warranties under Texas common law and the Deceptive Trade Practices Act.  The Plaintiffs seek damages under the Texas Survival Statute and the Texas Wrongful Death Act.  In turn, Par Pharmaceutical Companies, Inc. seeks dismissal for lack of personal jurisdiction and for insufficiency of service of process.

#### LEGAL STANDARD

In determining whether there is personal jurisdiction over a non-resident defendant, a two-step analysis is conducted.  *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  First, absent a controlling federal statute regarding service of process, the court must determine whether

the long-arm statute of the forum state permits the exercise of jurisdiction. *Id*.  Second, it must be determined whether the exercise of jurisdiction comports with due process. *Id*.  The Texas long-arm statute extends to the limits of due process under the Constitution. *Command-Aire Corp. v. Ontario Mechanical Sales and Service, Inc.*, 963 F.2d 90, 93 (5th Cir. 1992); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041-17.045 (Vernon 1986).  As a result, the determination of a non-resident's amenability to personal jurisdiction under the Texas long-arm statute is a federal style inquiry as to whether jurisdiction comports with federal constitutional guarantees. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).  To meet the requirements of the due process clause, the non-resident must have some minimum contacts with the forum which result from an affirmative act or acts, and it must not be unfair or unreasonable to require the non-resident to defend the suit in the forum state. *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985).

Specific jurisdiction exists where the plaintiff alleges a cause of action which grows out of or relates to a contact between the defendant and the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868, 1872 n. 8 (1984).  Elements which must exist for the court to exercise specific jurisdiction are: (1) the foreign defendant must purposely direct his activities at residents of the forum and (2) the cause of action must arise from or be connected with such activities. *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2182 (1985).

Conversely, general jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum . . . ." *Helicopteros*, 104 S.Ct. at 1872 n. 9.  General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id*. at 1872-

73.  It can hardly be said that a defendant who has continuous and systematic contacts within a given state has not purposefully availed itself of the privileges and benefits of the laws of the state.

After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of establishing the district court's jurisdiction lies with the party seeking to invoke the court's jurisdiction.  *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  When, as here, no evidentiary hearing is conducted, "the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Id*. (citation omitted). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve all factual disputes in favor of the plaintiff.  *Id*.  (citations omitted).

## DISCUSSION AND ANALYSIS

### I.    MINIMUM CONTACTS

In identifying the parties, the Plaintiffs provided the following:

> 3.    Defendant Par Pharmaceutical Companies, Inc., is a foreign corporation, with its business headquarters located in Spring Valley, New York.  Par Pharmaceutical, Inc. is a wholly-owned subsidiary of the Defendant Pharmaceutical Resources, Inc.
>
> 4.    At certain times relevant to this matter, Defendant Par Pharmaceutical Companies, Inc., may have been known as and / or may have been doing business as either Defendant Par Pharmaceutical, Inc. and / or as Defendant Pharmaceutical Resources, Inc.  These interrelated Defendants will be collectively referred to hereafter as "Defendant Par."

Pl. Compl., p. 2, ¶¶3-4.

In response, Par Pharmaceutical Companies, Inc. filed its motion to dismiss for lack of personal jurisdiction, arguing that it does not have sufficient minimum contacts with the State of Texas.  Par Pharmaceutical Companies, Inc., formerly known as Pharmaceutical Resources, Inc.,

argues that it is a Delaware corporation with its principal place of business in Spring Valley, New York.   Def. Mtn. to Dismiss, Exh. 4 (Decl. of Shankar Hariharan) pp. 1-2, ¶¶ 3-4.   Par Pharmaceutical Companies, Inc. is the parent company of Par Pharmaceutical, Inc., a Delaware corporation.   *Id*. at p. 2, ¶ 7.   Par Pharmaceutical Companies, Inc. contends that it neither manufactures, sells nor distributes products, including fluoxetine, in Texas or any other state in the United States.   *Id*. at ¶ 5.   Further, Par Pharmaceutical Companies, Inc. argues that it does not hold an FDA approval to market fluoxetine in the United States.   *Id*. at ¶ 6.

Additionally, Par Pharmaceutical Companies, Inc. states the following:  it does not advertise fluoxetine in print, on billboards or through any other media source; it does not transact business, maintain an office, pay taxes or advertise in the State of Texas; it does not have any offices, business facilities or employees in the State of Texas; it does not own, lease or possess any real or personal property in the State of Texas; it does not hold a mortgage on any real property in the State of Texas; it does not hold a lien on any real or personal property in the State of Texas; it does not have any post office boxes, telephone listings or bank accounts in the State of Texas; it does not have a designated agent for service of process in the State of Texas; and it does not have an agent in the State of Texas for conducting business.   *Id*. at ¶¶ 8-14.

In contradiction, the Plaintiffs argue that Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. are engaged in a corporate shell game.  The Plaintiffs concede that fluoxetine is manufactured by Par Pharmaceutical, Inc., not Par Pharmaceutical Companies, Inc.  The Plaintiffs argue, however, that because Par Pharmaceutical, Inc., the wholly owned subsidiary of Par Pharmaceutical Companies, Inc., manufactured and distributed fluoxetine in the State of Texas, Par Pharmaceutical, Inc.'s contacts with the State of Texas should be imputed to Par Pharmaceutical,

Inc.'s parent corporation, Par Pharmaceutical Companies, Inc.

### A.    *Specific Jurisdiction*

In resolving all factual conflicts in favor of the Plaintiffs, the evidence suggests that this court may not properly exercise *in personam* jurisdiction over Par Pharmaceutical Companies, Inc.  "For a court to exercise 'specific' jurisdiction over a defendant, the cause of action must arise out of the defendant's contacts with the forum."  *In re Norplant Contraceptive Products Liability Litigation*, 886 F.Supp. 586, 590 (E.D. Tex. 1995), citing *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

Here, the Plaintiffs concede that fluoxetine is manufactured and distributed by Par Pharmaceutical, Inc., not Par Pharmaceutical Companies, Inc.  The Plaintiffs have failed to assert any facts which would give rise to this court exercising specific jurisdiction over Par Pharmaceutical Companies, Inc.  Accordingly, the Plaintiffs have failed to establish a *prima facie* case that Par Pharmaceutical Companies, Inc. has the requisite minimum contacts with this forum to justify the exercise of specific jurisdiction.

### B.    *General Jurisdiction*

"As noted above, the general jurisdiction inquiry focuses exclusively on whether the nonresident defendant's contacts with the forum unrelated to the cause of action are sufficiently 'continuous and systemic' to satisfy due process requirements."  *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 345 (5th Cir. 2004) (citation omitted).  Here, the Plaintiffs seek to establish general jurisdiction over the parent corporation via the subsidiary corporation's contacts with the State of Texas.

"As a general rule, however, the proper exercise of personal jurisdiction over a nonresident

corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Id*. at 346 (citation omitted). "This principle, however, is not inviolate. Rather, the presumption of institutional independence of related corporate entities may be rebutted by 'clear evidence,' which requires a showing of 'something beyond' the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident." *Id*. (citation omitted).

"Accordingly, [ ] cases '[g]enerally . . . demand proof of control by [one corporation] over the internal business operations and affairs' of another corporation to make the other its agent or alter ego, and hence 'fuse the two together for jurisdictional purposes.'" *Id*. (citation omitted). "In determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness, this [c]ourt considers the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities." *Id*., citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

Here, the Plaintiffs argue that the information provided on Par Pharmaceutical Companies, Inc.'s website overcomes the presumption of corporate separateness. The Plaintiffs contend that Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. share the same principal place of business (Spring Valley, New York) as well as the same chief executive officer and president (Scott L. Tarriff). The Plaintiffs additionally contend that "Pharmaceutical Resources, Inc.[1], a holding

---

[1]Par Pharmaceutical Companies, Inc. was formerly known as Pharmaceutical Resources, Inc.

company, develops, manufactures, and distributes generic pharmaceuticals through its wholly owned

subsidiary, Par Pharmaceutical."  Pl. Resp., Exh. H, p. 2.

The Plaintiffs' assertion of an alter ego theory to establish personal jurisdiction is unavailing.

Although the Plaintiffs have produced evidence that the two companies are headquartered in the

same city and that they share the same CEO, the Plaintiffs have failed to adduce any evidence

demonstrating that any of the remaining *Hargrave* factors compel the conclusion that Par

Pharmaceutical Companies, Inc. controls Par Pharmaceutical, Inc.  *See Freudensprung*, 379 F.3d at

346.  Specifically, the Plaintiffs have made no showing that Par Pharmaceutical Companies, Inc.

owns stock in Par Pharmaceutical, Inc., shares the same board of directors, disregards corporate

formalities with Par Pharmaceutical, Inc., shares the same accounting system as Par Pharmaceutical,

Inc., or exercises any degree of control through a different board of directors over the general

policies or daily operations of Par Pharmaceutical, Inc.  *See id.*  The Plaintiffs only offer as evidence

various printouts from Par Pharmaceutical Companies, Inc.'s website.  *See id.*  "While such

documents might arguably establish the existence of some corporate relationship between [Par

Pharmaceutical Companies, Inc.] and [Par Pharmaceutical, Inc.], they are insufficient to overcome

the presumption of corporate separateness." *Id*. at 346-47.  Accordingly, Par Pharmaceutical, Inc.'s

contacts with the State of Texas may not be attributed to Par Pharmaceutical Companies, Inc. in

order to subject Par Pharmaceutical Companies, Inc. to service of process in the State of Texas.  *See*

*id*. at 347.  As such, the Plaintiffs have failed to establish a *prima facie* case that Par Pharmaceutical

Companies, Inc. has the requisite minimum contacts with this forum to justify the exercise of general

jurisdiction.[2]

## II.    FAIR PLAY AND SUBSTANTIAL JUSTICE

Since the court has concluded that it lacks either specific or general jurisdiction over Par Pharmaceutical Companies, Inc., it is not necessary for the court to determine whether it would be unfair or unreasonable to require Par Pharmaceutical Companies, Inc. to defend this suit in the State of Texas.[3]

### PAR PHARMACEUTICAL, INC.'S MOTION TO QUASH SUMMONS AND RETURN OF SERVICE AND TO DISMISS

Par Pharmaceutical, Inc. moves to quash the summons and return of service and dismiss the case pursuant to FED. R. CIV. P. 12(b)(4) [insufficiency of process] and 12(b)(5) [insufficiency of service of process].   The central issue before the court is whether the Plaintiffs named Par Pharmaceutical, Inc. as a Defendant in this case.  As noted above, the caption of the complaint lists the Defendants as follows: "Par Pharmaceutical Companies, Inc., a Delaware corporation, a/k/a and / or d/b/a Par Pharmaceutical, Inc., and / or as Pharmaceutical Resources, Inc., foreign corporations,

---

[2]The Plaintiffs argue, in passing, that confusion exists as to who the appropriate defendant is. The court will address this issue in detail below.  Additionally, the Plaintiffs acknowledge the legal distinctions between corporate business entities.  In doing so, the Plaintiffs make the following proposal to the court:

> . . . Plaintiff [sic] is willing to dismiss Par Pharmaceutical Companies, Inc., as a named Plaintiff [sic] in this lawsuit subject to Par Pharmaceutical, Inc. remaining as a Defendant.  Additionally, to agree to such, Plaintiff [sic] requests this Court either (a) to hold that the existing service on the entity in the name under which it conducts business is adequate, or (b) to allow her [sic] the opportunity to serve Par Pharmaceutical, Inc., within a reasonable period of time.

Pl. Resp., p. 9.  For the reasons stated below, the court declines to accept the Plaintiffs' proposal.

[3]Likewise, it is unnecessary for the court to rule on Par Pharmaceutical Companies, Inc.'s motion to dismiss for insufficiency of service of process.

Black and White Corporations IV, and Black and White Corporations I-V."  The opening paragraph of the Plaintiffs' complaint alleges that suit was brought against "Defendants Par Pharmaceutical Companies, Inc., Black and White Corporations I-V, and Black and White Partnerships I-V, . . ."  The portion of the complaint identifying the parties acknowledges that "Par Pharmaceutical, Inc. is a wholly-owned subsidiary of the Defendant Pharmaceutical Resources, Inc."  The Plaintiffs also make the following additional identifications:

> 4.    At certain times relevant to this matter, Defendant Par Pharmaceutical Companies, Inc., may have been known as and / or may have been doing business as either Defendant Par Pharmaceutical, Inc. and / or as Defendant Pharmaceutical Resources, Inc.  These interrelated Defendants will be collectively referred to hereafter as "Defendant Par."

Finally, the Plaintiffs pray as follows:

> WHEREFORE, Plaintiffs pray that Defendants Par Pharmaceutical Companies, Inc., Black and White Corporations I-V, and Black and White Partnerships I-V, be cited to appear and answer herein, and that, after a trial, they receive such monetary damages, both actual and exemplary, and other relief as is sought herein and appropriate under the law and the facts.

Pl. Compl., p. 18.

Par Pharmaceutical, Inc. argues that the Plaintiffs failed to name it as a party to this lawsuit; consequently, the Plaintiffs improperly served Par Pharmaceutical, Inc., a nonparty.  Rule 10(a) of the Federal Rules of Civil Procedure controls who is a party to a complaint.  *Jones v. State of Louisiana through Board of Trustees for State Colleges & Universities*, 764 F.2d 1183, 1185 (5th Cir. 1985).  "FED. R. CIV. P. 10(a) provides that all parties must be listed in the *caption* of the complaint."  *Id*.  Although an initial complaint must be construed liberally, *see id.*, the caption of the instant action reveals that the Plaintiffs sued Par Pharmaceutical Companies, Inc., not Par

Pharmaceutical, Inc.  Even though the Plaintiffs named Par Pharmaceutical, Inc. in the caption of the complaint, they merely did so as a form of identifying another name in which Par Pharmaceutical Companies, Inc. is known as or conducts business under.

Notwithstanding the requirements of FED. R. CIV. P. 10(a),

> . . . the contents of the caption usually are not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules.  Moreover, the caption is not determinative as to the identity of the parties to the action or the district court's personal jurisdiction over the defendant or its subject matter jurisdiction.  A very common defect in the caption is a misnomer regarding a party or an erroneous designation of the capacity in which a party is suing or being sued, or the identification of something that is not a legal entity.

> If the body of the complaint correctly identifies the party being sued or if the proper person actually has been served with the summons and complaint, federal courts generally will allow an amendment under Rule 15 to correct technical defects in the caption when that is thought necessary.  This corrective action seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and never should be viewed as a fatal defect, particularly when it can be remedied early in the action.

5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d §1321 at 388-93.

A review of the body of the complaint also leads the court to the conclusion that the Plaintiffs failed to name Par Pharmaceutical, Inc. as a Defendant.  Both the opening paragraph and the prayer of the complaint reference Par Pharmaceutical Companies, Inc., not Par Pharmaceutical, Inc.  Indeed, the Plaintiffs state in paragraph 4 of the complaint that "Defendant" Par Pharmaceutical, Inc. is another name for Par Pharmaceutical Companies, Inc.  Ironically, however, the Plaintiffs offer the contradictory statement in the preceding paragraph that Par Pharmaceutical, Inc. is a wholly owned subsidiary of Defendant Pharmaceutical Resources, Inc.

Regardless, the Plaintiffs have not sought leave to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Rather, the Plaintiffs adamantly argue that they properly

named Par Pharmaceutical, Inc. as a Defendant herein.  However, the arguments contained in the

Plaintiffs' response to Par Pharmaceutical, Inc.'s motion belie such a proposition.  First, the

Plaintiffs contend that the following argument, which is contained in both their response to Par

Pharmaceutical Companies, Inc.'s motion to dismiss and in their response to Par Pharmaceutical,

Inc.'s motion to quash, establishes that Par Pharmaceutical, Inc. is a named Defendant:

> Although Plaintiffs believe, and the record demonstrates, that for purposes of the
> wrongful death of Sabrina Gartin, Par Pharmaceutical Companies, Inc. is one and the
> same with Par Pharmaceuticals, Inc. [sic], they are willing to dismiss Par
> Pharmaceutical Companies, Inc., as a Defendant subject to Par Pharmaceutical Inc.,
> <u>remaining</u> as a Defendant...

Pl. Resp. to Par Pharmaceutical, Inc.'s Mtn. to Quash, p. 3 (emphasis in the original).  The Plaintiffs

further buttress their argument with the following:

> Because the Court identified only "Par Pharmaceutical Companies, Inc." in the
> Notice [of Impending Dismissal], and because Plaintiffs' counsel [sic] continued
> (and continues) to believe that this was the proper name of the proper "Par"
> defendant and did not realize there was another "Par" entity that required separate
> service, Plaintiffs did not separately serve Par Pharmaceutical, Inc., by July 28, 2006,
> in response to the Court's Notice.

Pl. Resp. to Par Pharmaceutical, Inc.'s Mtn. to Quash, p. 5.  The Plaintiffs' argument, however, is

flawed.  The Plaintiffs claim that they were under the mistaken impression that Par Pharmaceutical

Companies, Inc. and Par Pharmaceutical, Inc. were merely different names for the same entity.  This

allegation coupled with the Plaintiffs' assertion that they did not realize that there was another "Par"

entity that required separate service leads the court to believe that the Plaintiffs did not name Par

Pharmaceutical, Inc. as a Defendant in this action.

Furthermore, the Plaintiffs' contention that they suffered some confusion regarding the

proper Defendant herein is unfounded.  During the management conference, the following exchange

-14-

occurred:

THE COURT: . . . Now, Mr. Thomas [counsel for Par Pharmaceutical Companies, Inc.], you are also requesting that the Plaintiffs be required to seek leave of court prior to adding new parties.  Do you disagree with that, Mr. Vickery [counsel for the Plaintiffs]?

MR. VICKERY: I don't think so, Your Honor, no.

THE COURT: Oh, okay.

MR. VICKERY: I mean we have added a couple of parties.  One of the issues that we had as the court will see when you read the motion to dismiss is we're not sure exactly who's manufacturing, who's distributing the drug.  Once we have the entity in that designed, manufactured, distributed the drug, we don't need anybody else.

THE COURT: All right.  And are you saying that you would like to name that party – if it's not Par Pharmaceutical Companies, you would like to name that party after you engage in some discovery?

MR. VICKERY: Unless they'll stipulate as to who that party is.  If they can stipulate as to who designed, manufactured and distributed, that's what we need.  We don't need to add anyone else.

THE COURT: Mr. Thomas –

Have you not sued Par before?

MR. VICKERY: I can't remember if we have or not, Your Honor.  I'm sorry.

THE COURT: Okay.

MR. THOMAS: Your Honor, not only have they sued us before, we have a number of cases, including pending litigation.

THE COURT: Are you saying that these lawyers, Mr. Vickery and his brother, have sued you before?

MR. THOMAS: Yes.  In fact, we have other pending litigation.

THE COURT: Okay.

MR. THOMAS: And, Your Honor, we also submitted to the court a letter that we wrote to them a while ago that in detail told them who the proper parties were, who was the distributor and so forth.

THE COURT: Okay.   The only party that's been served now is Par Pharmaceutical Companies, Inc., right?

MR. THOMAS: Right.  And we believe that's the only party named.

THE COURT: All right.  And do you agree, Mr. Vickery, that that is the only party that you have sued?  Or do you say you've sued others?

MR. VICKERY: Your Honor, I guess without the complaint in front of me I believe that we sued the parent and the sub.  And I know that we have sued a couple of unidentified entities, if we find – to more specifically identify it, if we find out that that's actually the party that did it.  I know that Par, in the grand scheme of things, is the manufacturer and distributor.  I don't know which Par entity it is.

THE COURT: All right.  Well, you also sued Black & White Corporations 1 through 5 and Black & White Partnerships 1 through 5.  I dismissed those Defendants, unknown Defendants, because they were not served timely.

MR. VICKERY: Okay.

Tr. of Management Conference, 13:13-25 to 15:1-18.  The colloquy reveals that the Plaintiffs were not certain who they had sued or who they should sue.  Additionally, when questioned by the court if they would like to name the manufacturer and distributor of fluoxetine after the parties engaged in discovery if that entity was some entity other than Par Pharmaceutical Companies, Inc.,  the Plaintiffs responded affirmatively unless a stipulation could be reached.  Both of these factors indicate that the Plaintiffs had yet to name Par Pharmaceutical, Inc. as a Defendant.

Moreover, it does not appear that the Plaintiffs were candid with the court.  When the court asked counsel for the Plaintiffs if they had previously sued Par Pharmaceutical Companies, Inc., counsel for the Plaintiffs indicated that they could not remember if they had done so.  Interestingly, however, Par Pharmaceutical Companies, Inc. provided the court with documentation from a lawsuit

similar to the instant action which conflicts with counsel's memory.  Apparently, counsel for the Plaintiffs filed an action in the United States District Court for the Western District of Washington (Seattle Division) against Par Pharmaceutical, Inc. and Pharmaceutical Resources, Inc. involving a wrongful death resulting from the ingestion of fluoxetine.  Def. Reply to Mtn. to Dismiss for Lack of Jurisdiction, Exh. A-2, *Yvonne A'Rae Laisure-Radke, Individually and as Personal Representative of the Estate of Douglas Radke v. Dr. Reddy's Laboratories Ltd., Par Pharmaceutical, Inc., and Pharmaceutical Resources, Inc.*, Case No. 2:03-CV-03654-RSM.  As of August 8, 2005, counsel for the Plaintiffs were placed on notice of the following:

> Also, as set forth in its answer, Par Pharmaceutical Companies, Inc., has nothing to do with the manufacture or distribution of fluoxetine.  As relates to this litigation, it is simply a holding company.

Def. Reply to Mtn. to Dismiss for Lack of Jurisdiction, Exh. A-1.  It appears, then, that counsel for the Plaintiffs were on notice that Par Pharmaceutical Companies, Inc. was not a proper party some seven (7) months prior to the filing of the instant action.  Additionally, the plaintiffs in the Washington lawsuit identified Par Pharmaceutical, Inc. as the party which markets fluoxetine.  Def. Reply to Mtn. to Dismiss for Lack of Jurisdiction, Exh. A-2.  That designation was made by the same counsel herein.  Accordingly, the court concludes that the Plaintiffs were on notice of the proper parties prior to the filing of this lawsuit.  Arguments by counsel for the Plaintiffs to the contrary are disingenuous and further lends support to the court's conclusion that the Plaintiffs failed to name Par Pharmaceutical, Inc. as a party herein.

Finally, the court notes that at the time the Plaintiffs filed the instant lawsuit, the clerk of the court designated only three Defendants on the docket sheet, to wit: Par Pharmaceutical Companies, Inc., Black and White Corporation IV and Black and White Corporations I-V.  If the Plaintiffs had

in fact named Par Pharmaceutical, Inc. as a Defendant, it is only logical to conclude that the Plaintiffs would have sought to correct any perceived error via an amended complaint. The Plaintiffs did not do so. In that same light, the Plaintiffs took no corrective measures when the court identified the same three Defendants in its Notice of Impending Dismissal. Based on the foregoing, the court concludes that the Plaintiffs failed to name Par Pharmaceutical, Inc. as a Defendant herein.

Portions of Rule 4 of the Federal Rules of Civil Procedure provide as follows:

**(c) Service with Complaint; By Whom Made.**

(1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

**(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m) requires service of the summons and complaint on a defendant. As previously found by the court, Par Pharmaceutical, Inc. is not a Defendant in this action. However, if the court had found otherwise, the court would not permit the Plaintiffs an extension of time to serve Par Pharmaceutical, Inc.

"Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within 120 days unless good cause is shown for failing to effect service within that time period." *Hunt v. Smith*, 67 F.Supp.2d 675, 684 (E.D. Tex. 1999). "The burden of showing 'good cause' is on the plaintiff." *Id*. (citation omitted). "If the plaintiff does not show 'good cause,' the court can either dismiss the case or extend the time for service." *Id*. at 685 (citation

-18-

omitted).  The court declines to extend the time for service because the Plaintiffs have failed to show

cause, much less good cause, for failing to timely effect service.  The Plaintiffs delayed serving Par

Pharmaceutical, Inc. for approximately seven (7) months, well beyond the 120 days permitted by

FED. R. CIV. P. 4(m).  *See id.*  Additionally, the Plaintiffs did not seek an extension of time, which

is contained in their response to Par Pharmaceutical, Inc.'s motion to quash (docket entry #29), until

*after* they served Par Pharmaceutical, Inc.  *See id.*  Finally, the Plaintiffs were on notice from the

inception of this lawsuit that they were required to serve Par Pharmaceutical, Inc.; however, the

Plaintiffs made no effort to do so timely.

The Plaintiffs comment that if the court is not inclined to grant their request for an extension

of time to serve Par Pharmaceutical, Inc., any further action could be barred by the applicable statute

of limitations.  The court is

> cognizant of the fact that the statute of limitations may have run in this case.
> However, the expiration of the statute of limitations does not automatically require
> extension of time for service.  Absent a showing of good cause for the delay in
> service, the court has discretion to refuse an extension or even order a dismissal
> notwithstanding that the statute of limitations would bar refiling.  A Rule 4(m)
> dismissal is a dismissal without prejudice.  Nonetheless, a dismissal "without
> prejudice" does not mean "without consequence."  The "without prejudice" condition
> permits a plaintiff to refile the complaint as if it had never been filed.  A Rule 4(m)
> dismissal does not however, give the Plaintiff a right to refile without the
> consequence of time defenses, such as the statute of limitations.  As the Third Circuit
> Court of Appeals has cautioned, "[t]he lesson to the federal plaintiff's lawyer is not
> to take any chances.  Treat the 120 days with the respect reserved for a time bomb."

*Hunt*, 67 F.Supp.2d at 685 (internal citations omitted).  Accordingly, because the Plaintiffs failed to

name Par Pharmaceutical, Inc. as a defendant, or, in the alternative, failed to timely serve Par

Pharmaceutical, Inc. (had the court found it was named as a defendant), the summons and return of

service should be quashed and the Plaintiffs' claims against Par Pharmaceutical, Inc. should be

dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5).

## CONCLUSION

Based on the foregoing, the court hereby **ORDERS** that:

•   Defendant Par Pharmaceutical Companies, Inc.'s motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction (docket entry #5) is **GRANTED**; and

•   Par Pharmaceutical, Inc.'s motion to quash summons and return of service and to dismiss (docket entry #25) is **GRANTED**.

**SIGNED this the 26th day of March, 2007.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE